# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BRANDON NARR,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-18-1216-G |
| | ) |
| **FARMERS INSURANCE COMPANY, INC.,** | ) |
| | ) |
| Defendant. | ) |

## ORDER

Now before the Court is Defendant Farmers Insurance Company, Inc.'s Motion to Dismiss Plaintiff's Claim of Bad Faith (Doc. No. 27), brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has responded in opposition (Doc. No. 29), and Defendant has replied (Doc. No. 30).

Plaintiff Brandon Narr asserts claims for breach of contract and breach of the duty of good faith and fair dealing based upon allegations that Defendant failed to timely and properly investigate, evaluate, and pay Plaintiff's claim of property damage caused by an earthquake on April 15, 2014. *See* Second Am. Compl. (Doc. No. 23). In its Motion, Defendant asserts that Plaintiff's Second Amended Complaint fails to state a plausible claim of breach of the duty of good faith and fair dealing under the federal pleading standards.

### STANDARD OF DECISION

Federal Rule of Civil Procedure 12(b)(6) prescribes that a defendant may seek dismissal when the plaintiff "fail[s] to state a claim upon which relief can be granted." Fed.

R. Civ. P. 12(b)(6). While "detailed factual allegations" are not required, to survive a motion to dismiss a complaint must set forth facts that, accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A claim is facially plausible when the well-pleaded factual allegations, accepted as true and viewed in the plaintiff's favor, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" under the governing law. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018) ("Though a complaint need not provide 'detailed factual allegations,' it must give just enough factual detail to provide 'fair notice of what the . . . claim is and the grounds upon which it rests.'" (omission in original) (quoting *Bell Atl. Corp.*, 550 U.S. at 555)). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *See Iqbal*, 556 U.S. at 679.

SUMMARY OF PLEADING

Accepting the well-pleaded allegations in the Second Amended Complaint as true, Plaintiff owns an interest in property located in Norman, Oklahoma, that was damaged by an earthquake on April 15, 2014. Second Am. Compl. ¶¶ 7, 12. The property was insured under a policy issued by Defendant. *Id.* ¶¶ 9-10. In March 2017, Plaintiff timely submitted a claim to Defendant for the property damage incurred as a result of the earthquake, but Defendant "denied that most of the cause of Plaintiff's property damage claim was due to [the] earthquake, or that the loss was covered under the terms and conditions of the [p]olicy with Defendant." *Id.* ¶¶ 13-14.

2

According to Plaintiff, Defendant retained Wallace Engineering on April 7, 2017, to perform an "earthquake damage investigation." *Id.* ¶ 15. Wallace Engineering recommended to Defendant that the brick veneer of the home be replaced and that a cracked slab be repaired. *Id.* On May 8, 2017, Defendant performed an inspection of Plaintiff's property and issued an estimate of covered damages, which did not include costs for the replacement of the brick veneer or the repair of the cracked slab. *See id.* ¶ 16.

Plaintiff further alleges that "Plaintiff received an estimate from its Oklahoma-licensed contractor, which [Plaintiff] provided to Defendant." *Id.* ¶ 23. Plaintiff's contractor estimated that the cost of repair for the losses covered by the policy totalled $133,876.01. *Id.*

In support of his claim of bad faith, Plaintiff avers that Defendant "fail[ed] to timely and properly investigate, evaluate and/or pay the Plaintiff's claim" "in accordance with the recommendations made by [Defendant's] own engineer." *Id.* ¶ 30. Plaintiff contends that these failures were "intentional, willful, malicious, and in reckless disregard to the rights of Plaintiff." *Id.* ¶ 36.

ANALYSIS

Defendant contends that Plaintiff's allegations are conclusory and provide insufficient facts to state a plausible claim of insurer's bad faith. In Defendant's view, the Second Amended Complaint fails to allege that Defendant acted unreasonably or with the requisite state of mind. *See* Def.'s Mot. at 12-21.

Under Oklahoma law, an insurer has an implied duty of good faith and fair dealing toward its insureds, and the violation of that duty gives rise to an action in tort. Liability

for the breach of the implied covenant of good faith and fair dealing requires "'a clear showing that the insurer unreasonably, and in bad faith, withholds payment of the claim of its insured.'" *Harris v. Progressive Direct Ins. Co.*, 740 F. App'x 900, 908 (10th Cir. 2018) (quoting *Christian v. Am. Home Assurance Co.*, 577 P.2d 899, 905 (Okla. 1977)). "Bad faith cannot exist if an insurer's conduct was reasonable under the circumstances." *Barnes v. Okla. Farm Bureau Mut. Ins. Co.*, 11 P.3d 162, 170-71 (Okla. 2000). To establish a cause of action against an insurance company for bad faith under Oklahoma law, Plaintiff must show:

> 1) coverage under the insurance policy and that of the insurer was required to take reasonable actions; 2) the actions of the insurer were unreasonable under the circumstances; 3) the insurer failed to deal fairly and act in good faith toward the insured in its handling of the claim; and 4) breach or violation of the duty of good faith and fair dealing was the direct cause of any damages that the insured sustained.

*Harris*, 740 F. App'x at 908 (citing *Badillo v. Mid Century Ins. Co.*, 121 P.3d 1080, 1093 (Okla. 2005)). The essence of a bad faith claim "is the insurer's unreasonable, bad-faith conduct, including the unjustified withholding of payment due under a policy." *Id.* (internal quotation marks omitted).

In *A & B Stores, Inc. v. Employers Mutual Casualty Co.*, No. CIV-14-1228-HE, 2015 WL 1014808 (W.D. Okla. Mar. 9, 2015), this Court granted a motion to dismiss a bad faith claim raised against an insurance company where the complaint alleged only that the plaintiff's contractor had provided a significantly higher estimate of repair costs than the defendant insurance company agreed to pay. *See id.* at *2. In granting the defendant's motion to dismiss, the Court noted that while the sum provided by the plaintiff's contractor

4

"may be the estimated repair costs, all of the repairs may not be covered losses" and that the plaintiff had not pleaded sufficient facts to plausibly show that the defendant had acted unreasonably. *Id.* (explaining that "[a]n insurer does not breach its implied duty to deal fairly and act in good faith with its insured merely by refusing to pay a claim or by litigating a dispute with its insured, so long as there is a legitimate dispute as to coverage or the amount of the claim, and the insurer's position is reasonable and legitimate").

Comparatively, in *Greater First Deliverance Temple, Inc. v. GuideOne Mutual Insurance Co.*, No. CIV-18-1022-D, 2019 WL 149566 (W.D. Okla. Jan. 9, 2019), this Court denied a motion to dismiss a bad faith claim raised against an insurance company where "the Complaint contain[ed] factual allegations that amount[ed] to more than an assertion that [the defendant] underpaid [the plaintiff's] insurance claim." *Id.* at *2. The Court noted that the Complaint included the assertion that the defendant "failed to pay an invoice for remediation work actually completed, and made repeated 'low ball' offers for [the] improper purpose" of prolonging the adjustment process so that the plaintiff would be "forced to accept less than the reasonable value of its claim." *Id.*

Indeed, the Oklahoma Supreme Court has held that an insurer's failure to settle a claim "for the value or within the range of value assigned to the claim as a result of its investigation" may subject the insurer to a claim of bad faith. *Newport v. USAA*, 11 P.3d 190, 196-97 (Okla. 2000) (explaining that while an insurer may negotiate or litigate the value of a claim, "[t]he duty of good faith and fair dealing . . . prevents an insurer from offering less than what its own investigation reveals to be the claim's value").

5

In this case, the sufficiency of Plaintiff's allegations to state a claim of insurer's bad faith presents a close question. However, the Complaint contains factual allegations that plausibly show that Defendant offered Plaintiff less than its own investigation revealed.[1] These allegations may be enough, if proven, to establish a breach of Defendant's duty to deal fairly and in good faith with Plaintiff. The Court finds Plaintiff has presented minimally sufficient factual allegations to plausibly state a claim of bad faith.

CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Claim of Bad Faith (Doc. No. 27) is DENIED.

IT IS SO ORDERED this 3rd day of April, 2019.

CHARLES B. GOODWIN
United States District Judge

---

[1] It may well be the case that Defendant's position was "reasonable and legitimate," but the insurer bears the burden of establishing this defense. *Harris*, 740 F. App'x at 910.